IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEGHENY HEALTH NETWORK, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 21-1011 |
| v. | ) ) | Judge Cathy Bissoon |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion to Remand to State Court (Doc. 9).[1]  For the reasons that follow, the Court will grant Plaintiffs' Motion and remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania.

### I. MEMORANDUM

**A. Background**

In its Notice of Removal ("Notice") (Doc. 7), Defendant indicates that there is complete diversity of parties in this case, because while 37 Plaintiffs brought this action against Defendant, in reality, only one of those Plaintiffs—Allegheny Health Network ("AHN")—is the real party to the controversy and the rest are nominal Plaintiffs.  See Notice ¶¶ 1-20.  Defendant avers that

---

[1] On July 29, 2021, Defendant filed a Notice of Removal (Doc. 1), which was later revised on August 10, 2021 (Doc. 7).

AHN is a citizen of Pennsylvania, while Defendant is a citizen of New York and Illinois. Id. at ¶ 6.

In its Motion to Remand, Plaintiffs claim that all Plaintiffs are true parties to the action. Two such Plaintiffs—Westfield and Chautauqua—are citizens of New York, thereby defeating diversity. Brief in Support of Motion to Remand (Doc. 10) at 9-10. As such, Plaintiffs argue that the Court does not have jurisdiction to hear this case and that it should be remanded to state court. Id.

### B. Legal Standard

Federal courts are courts of limited jurisdiction, and the Court can exercise subject matter jurisdiction over this action only if this case arises "under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). A defendant may remove a civil action from state court if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy and complete diversity between the parties. In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

The fraudulent joinder doctrine is an exception to the requirement that removal must be predicated on complete diversity. See Briscoe, 448 F.3d at 215-16. Where complete diversity is lacking, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." Id. at 216. A removing defendant who claims fraudulent joinder bears a "heavy burden of

persuasion." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). It must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985). A claim is colorable if it is not "wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992). Moreover, "[i]t is logical that [the removing defendant] should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Id. at 851 (quotation omitted).

In analyzing a fraudulent joinder claim, the district court must accept all factual allegations in the plaintiff's complaint as true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer, 913 F.2d at 111. The fraudulent joinder inquiry is not governed by the Rule 12(b)(6) standard, which is "more searching than that permissible." See Batoff, 977 F.2d at 852 (observing "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). In sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (citation omitted).

### C. Analysis

Defendant has not met its "heavy burden" with respect to removal.[2] While the parties disagree on what happened, the resolution of those disputes are for another day. If all Plaintiffs are Insureds, they may bring claims and are not "nominal" parties without an interest in this litigation. At this juncture, it is not the Court's task to assess these claims under a Rule 12(b)(6) standard. A claim is colorable if it is not "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852. Simply put, that is the case here.

### D. Fees

Although remand is appropriate, Plaintiffs' request for costs and fees will be denied. "[T]he standard for awarding fees [under 28 U.S.C.§ 1447(c)] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The Court finds that Defendant's arguments, although ultimately unpersuasive, do not fall below the objective reasonableness standard.

---

[2] In this case, Defendant in arguing for removal asks the Court to consider fraudulent joinder as applied to plaintiffs, rather than as it has been historically applied—against defendants. There is no direct authority from the Court of Appeals for the Third Circuit on this issue. Nevertheless, because Defendant has not demonstrated fraudulent joinder, the Court need not dwell on this issue.

## II.  ORDER

Consistent with the foregoing, Plaintiffs' Motion to Remand to State Court (**Doc. 9**) is **GRANTED**; Plaintiffs' request for attorney's fees is **DENIED**; and this case is **REMANDED FORTHWITH** to the Court of Common Pleas, Allegheny County, Pennsylvania (Civil Division, Case No. GD-21-07091).

IT IS SO ORDERED.

April 25, 2022                                           s/Cathy Bissoon
                                                                  Cathy Bissoon
                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record